43247. HAWES, Commissioner v. INSTITUTIONAL PACKERS OF AMERICA, INC.

EBERHARDT, Judge. Institutional Packers of America, Inc. (taxpayer) brought suit against the State Revenue Commissioner for refund of use taxes claimed to have been erroneously and illegally collected by the Commissioner on taxpayer's purchase of certain machinery. The petition alleges, inter alia, that taxpayer is engaged in the business of manufacturing and packaging food products for sale to distributors of such products to institutional customers. From April 1, 1963 to August, 1963, taxpayer purchased several pieces of new machinery for use in a new plant it was constructing in Cobb County. A complete list of the machinery purchased, including the functions and cost of each machine, is attached to the petition as an exhibit.

Shortly before this purchase period, the Sales and Use Tax Act was amended to create tax advantages for machinery purchased for new or expanded industry by providing in part that the terms "sale at retail," "use," etc., upon which the tax is levied, shall not include "The sale of machinery which is used directly in the· manufacture of tangible personal property when such machinery is incorporated for the first time into a new manufacturing plant located in this State." Ga. L. 1963, pp. 13, 15; *Code Ann.* § 92-3403a C (2) (n) 1.

To implement this provision, the Commissioner promulgated Executive Order No. 63-20, attached to the petition as an exhibit, defining in Paragraph 4 the term "manufacture" as follows: "Manufacture of tangible personal property . . . consists of an operation or a series of separate operations at a fixed location whereby, through the application of machines and labor to raw material or materials at any stage of becoming finished tangible personal property, the form or composition of the material or materials is significantly changed. It includes the assembly of finished units of tangible personal property into a new unit or units of tangible personal prop-

erty; packaging when it is a part of a continuous manufacturing operation and the package or container becomes a part of the tangible personal property as such unit is customarily offered for sale by the taxpayer to another manufacturing operation or to the retail trade; and delivery of raw materials and work in process or finished units directly from one manufacturing operation to another in the same plant facility. . ."

Of the machines described in the exhibit, one blends raw tea into tea mixtures. Another takes the blended tea by vacuum pressure and pumps it into a third machine which utilizes wide rolls of prepared tea bag paper, folds the paper to form packages, crimps and seals the packages on three sides, fills them with the blended tea, seals the tops of the packages, puts two staples in and wraps a string around each package, attaches a tag to the string and package, and stacks and counts them. Another machine mixes and blends catsup, liquefied tenderizer, liquid malt and liquid smoke. Some of these processed items then go into another machine which utilizes rolls of special paper, forms packages seven at a time by slitting the paper into sections which form the front and back portions of the packages, heat-seals the bottoms and sides of the seven packages, separates the packages by slitting, fills the packages with the processed items, heat-seals the tops of all, and cuts off seven at a time. Other machines make packages in a similar manner for hot chocolate, iced tea, sugar, dry soup, and gelatin, fill the packages with the products, and seal them. A "grill brick cutter" takes "foamglass" insulation sheets, cuts them into individual grill bricks, and packages and seals them in a saran-wrap type package for use on restaurant grills.

From the overruling of his general demurrer to the petition for refund, the Commissioner appeals. *Held:*

The general demurrer was properly overruled. Certainly, we cannot say as a matter of law that some of the machinery involved here is not used directly in the manufacture of tangible personal property under the definition of "manufacture" promulgated by the Commissioner. For example, we cannot say that the "form or composition" of catsup, liquefied tenderizer, liquid malt or liquid smoke is not "significantly changed" by being blended with the other ingredients. Neither can we say, as a further example, that the blending and packaging into individual portions of these materials, or of different types of tea, is not an "assembly of finished units of

tangible personal property into a new unit or units of tangible personal property."

By failing to discuss the applicability of his regulation to the machines involved but instead citing and relying upon Commonwealth v. Tetley Tea Co., 421 Pa. 614 (220 A2d 832), the Commissioner in effect calls upon this court to amend his own previously promulgated definition of "manufacture" to conform to the definition given in this Pennsylvania case. While it may be that a taxpayer may challenge a regulation as not being in conformity with the statute which it purports to implement, we question whether the Commissioner may "rue back" on his own regulation in this court. Notwithstanding this, however, we have some doubt that the Pennsylvania case, involving an exemption from a franchise tax on foreign corporations, qualifies as a strong authoritative precedent on the blending and packaging of tea even in that jurisdiction. See the sparkling dissent of Justice Musmanno in Commonwealth v. Tetley Tea Co., supra.

In any event, even if the regulation were never issued, it is clear that the demurrer was properly overruled. Certainly taxpayer's making of its own packages in the manner and to the extent disclosed by the exhibit is, in and of itself, the "manufacture of tangible personal property." Cf. Commissioner of Corporations & Taxation v. Board of Assessors of Boston, 324 Mass. 32 (84 NE2d 531).

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*

ARGUED JANUARY 3, 1968—DECIDED FEBRUARY 14, 1968.

*Arthur K. Bolton, Attorney General, William L. Harper, Louis F. McDonald, Assistant Attorneys General, Joel M. Feldman, Deputy Assistant Attorney General,* for appellant.

*Arnall, Golden & Gregory, Cleburne E. Gregory, Jr.,* for appellee.